# EXHIBIT 1

# CONSENT DECREE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD G. ALBRECHT, Commissioner,<br>City of Chicago Fire Department,<br>et al.,<br><br>    Defendants. | Civil Action Nos.<br><br>73 C 661<br><br>80 C 1590 |

ORDER OF SETTLEMENT

On March 31, 1980, the United States, by the Attorney General, filed the complaint in this action alleging that the promotional practices and procedures followed with respect to the City of Chicago Fire Department violated the prohibitions against discrimination on the basis of race and national origin of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §§2000e, et seq.) The complaint alleges that the victims of the defendants' unlawful discrimination are blacks and Hispanics seeking promotion within the Fire Department. The plaintiff and defendants, with and through their counsel, have met and conferred with regard to these allegations and have concluded that the litigation of the action is not in the best interest of any party or the commonly agreed to objective of increasing the promotional and other employment opportunities of blacks and Hispanics within the City of Chicago Fire Department.

US001

Accordingly, the plaintiff and the defendants have presented this Order of Settlement to the Court for entry in full resolution of this action and of the promotional issues raised in a previously filed action, United States v. City of Chicago, et al. (Civil Action No. 73-C-661), now pending appeal. By so doing, the defendants do not admit, nor is there to be any implication of an admission, that they or any of them have violated any provisions of Title VII of the Civil Rights Act of 1964, as amended.

The Court finds that this Order of Settlement and its entry are lawful under, consistent with, and will further the purposes and objectives of Title VII of the Civil Rights Act of 1964, as amended, and therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the defendants, Richard G. Albrecht, Commissioner, City of Chicago Fire Department, et al., and each of them, their officers, officials, agents, employees, successors in office, and all persons or organizations in active concert or participation with them shall be and remain permanently enjoined and restrained from discriminating against any applicant or candidate for promotion to, or holder of, any rank within the City of Chicago Fire Department above the entry level rank of Firefighter on the basis of race or national origin and from failing or refusing to fully comply with and implement the provisions of this Order.

1. <u>Long Range Promotional Goal</u>. The defendants, as a long range goal, shall seek to promote black and Hispanic persons in sufficient numbers so as to increase substantially the minority

US002

composition in each of the promotional ranks of the City of Chicago Fire Department with the objective that each such rank become more representative of the racial and ethnic composition of the rank or ranks from which promotion to it are made.

2. **The 1979 Engineer and Lieutenant Eligibility Lists.**

A. Defendants may continue to make operational use of the 1979 Engineer Eligibility List and the 1979 Lieutenant Eligibility List for purposes of rank order promotions therefrom, provided that if the defendants determine that the needs of the City of Chicago require further promotions be made beyond number 213 on the 1979 Engineer List and/or number 113 on the 1979 Lieutenant List prior to the development of new lists in conformity with paragraph 3 below, such further promotions from the 1979 Engineer and Lieutenant Lists shall be made such that one black or Hispanic Firefighter shall be promoted for every four white Firefighters promoted.

B. If necessary to meet the obligations imposed by paragraphs 2(A) above, the 1979 Engineer and Lieutenant Eligibility Lists shall be expanded by reducing the cut off score from 70, provided that any such reduction in a cut off score need not exceed one standard deviation below the mean score obtained by black and Hispanic candidates as a group on the test involved.

C. Once a new Engineer or Lieutenant eligibility list is developed pursuant to and in conformity with the requirements of paragraph 3 below, the corresponding 1979 list shall be stricken and used no further.

US003

3. **Future Promotional Eligibility Lists.**

A. The defendants shall proceed to undertake to compile new promotional eligibility lists, subject to the conditions and limitations set forth in paragraphs 3(B) through 3(E) below.

B. Such new eligibility lists and/or the promotions made therefrom shall be consistent with the long term goal for the promotion of blacks and Hispanics within the City of Chicago Fire Department set forth in paragraph 1 above.

C. Any qualifications, tests or other selection standards or procedures for promotion in the City of Chicago Fire Department that the defendants may use or adopt shall be designed so as to eliminate or reduce any adverse impact against black or Hispanic applicants for promotion, and otherwise shall be consistent with the standards and requirements of the <u>Uniform Guidelines on Employee Selection Procedures</u>, 43 Fed. Reg. 38290.

D. Any qualifications, tests or other selection standards or procedures for promotion in the City of Chicago Fire Department which are used or adopted by the Defendants shall be sufficiently objective to prevent, or otherwise shall be designed to ensure against, any unlawful discrimination against blacks and Hispanics seeking promotion. In this regard, the defendants shall apply statistical tests to, and otherwise conduct analyses of, the various data generated in the course of compiling the 1979 Engineer and Lieutenant Eligibility Lists, for the purposes of better understanding, eliminating, and correcting for any unlawful discrimination against blacks and Hispanics. Such tests

US004

and analyses shall be conducted in cooperation and coordination with the plaintiff, and the plaintiff shall be kept fully informed by written reports of the progress and results of such tests and analyses.

E. Training opportunities shall be provided to personnel within the City of Chicago Fire Department who desire to seek promotions within the department. Such training opportunities shall be provided prior to the initiation of any promotional selection procedures and they shall be appropriate to the rank involved.

4. <u>Regular Reports</u>. For each six month period ending June 30 or December 31, the following reports shall be served on the United States within 30 days of the close of the reporting period:

A. <u>Eligibility Lists</u>. A copy of each promotional eligibility list in effect during the reporting period, with the name, race or national origin, service date, and final score, in rank order, of all candidates. Such lists shall be updated with each report to reflect cumulatively:

1. Candidates promoted and date of promotion.

2. Candidates passed over or rejected for promotion to the rank in question, the dates of such pass overs or rejections, and the reasons for each.

3. Candidates expected to be promoted within the next six months.

-5-

US005

B. **Validation Efforts**. In addition to the reports called for by paragraph 3(D) above, which shall be made whenever appropriate under that paragraph, a progress report or detailed summary shall be provided of all efforts made and results obtained in compliance with paragraphs 3(A) through 3(E) above. Each report or summary shall include:

1. A description of the qualification, test or other selection standard or procedure and the study or other action undertaken in connection with it.

2. A description of each of the steps taken to comply with the standards for validation of qualifications, tests or other selection standards or procedures as set forth in the Uniform Guidelines on Employee Selection Procedures, especially those standards contained in sections 14 and 15 of the Guidelines.

5. **Special Reports**. The following reports shall be due within the time periods indicated:

A. **Proposed Striking of Promotional Eligibility Lists**. At least 60 days in advance of the striking of any City of Chicago Fire Department promotional eligibility list a copy of that list, updated to conform with paragraphs 4(A)(1) and (2) above, shall be provided to the United States with an indication of the proposed date of striking and the identification of any additional persons thereon expected to be promoted prior to the striking.

B. **Proposed Adoption of New Promotional Eligibility Lists**. At least 60 days in advance of the adoption of any new

US006

City of Chicago Fire Department promotional eligibility list, a copy of that list with race and ethnic identifications and statistical data on the pass/fail rates (percentages and absolute numbers by race or ethnic status) for each component or step of the selection process shall be provided to the United States. For each list submitted, all the current information on the projected duration of that list, the number of anticipated promotions to be made from it during each half year of that period, and an explanation as to how the list or its use will comply with the requirements of paragraph 1, above, shall also be provided. Should the United States have objection to any new promotional eligibility list or its proposed utilization, it shall file such objection with the Court within 45 days of its receipt of that list and, if the United States files such an objection, the list shall not become operational until approved by the Court. Until any such future promotional eligibility list is approved for operational use by the Court, or the United States has indicated to the defendants that it has no objection, or the 45-day period for objection has expired without the United States filing an objection, the contents of the list shall not be disclosed to any candidates thereon or otherwise made public by the defendants or any other party.

6. **Meetings of the Parties.** Upon reasonable notice of the plaintiff or any of the defendants, the parties and their counsel shall meet and confer about any matter concerning this Order or its implementation. The purpose of such meetings shall be to

US007

anticipate and avoid or resolve by agreement any future disputes which might arise. To that end, any party anticipating any dispute shall call for such a meeting.

7. **Obligation of the United States.** The United States agrees that the entry of this Order of Settlement shall serve not only to settle all issues raised in this present action, but shall also serve to finally resolve and settle all issues concerning promotional practices within the City of Chicago Fire Department raised in *United States* v. *City of Chicago*, Civil Action No. 73-C-661. Accordingly, the United States in No. 73-C-661 shall notify the United States Court of Appeals for the Seventh Circuit of the entry of this Order and move that Court for the entry of an order dismissing the appeal of the United States filed in No. 73-C-661.

The Court shall retain jurisdiction of this cause for purposes of entering any orders for enforcement or, in light of experience had under this Order, any orders of modification or amendment.

ORDERED this the 31st day of March, 1980.

_____
UNITED STATES DISTRICT JUDGE

AGREED and CONSENTED to:

_____
ROBERT T. MOORE
Attorney
Department of Justice
for the United States

_____
CANELLA E. HENRICHS
Assistant United States
Attorney
for the United States

_____
DANIEL PASCALE
Deputy Corporation Counsel
City of Chicago,
for all defendants

US008